UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIA MOLCHONOVA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FIRSTBANK PUERTO RICO and FIRST BANCORP,<br><br>Defendants. | 26-cv-5327 (JSR)<br><br>ORDER |

JED S. RAKOFF, U.S.D.J.

Before the Court is defendants' motion to dismiss the Complaint for want of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), for improper venue under Fed. R. Civ. P. 12(b)(3), and for failing to state a claim under Fed. R. Civ. P. 12(b)(6). Following completion of jurisdictional discovery and full briefing, the Court held oral argument on September 22, 2026.

After carefully considering the parties' submissions and the arguments of counsel, the Court concludes that it has personal jurisdiction over defendants and that venue is proper in this District. Accordingly, defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3) is denied.

The Court also denies defendants' 12(b)(6) motion to dismiss Counts I and III of the Complaint. As to Count I, the Court concludes that plaintiff has stated a claim for participation

liability under the Trafficking Victims Protection Act ("TVPA"). See 18 U.S.C. §§ 1591(a)(2), 1595. As to Count III, the Court concludes that plaintiff has stated a claim for violation of the New York City Gender-Motivated Violence Protection Act.[1] See N.Y.C. Admin. Code. §§ 10-1101-10-1107. However, the Court grants defendants' motion to dismiss Count II of the Complaint for failure to state a claim for obstruction liability under the TVPA. See 18 U.S.C. § 1591(d).

An Opinion setting forth the reasons for this Order will issue in due course. Meanwhile, the Clerk of Court is respectfully directed to terminate the motion at docket entry 42.

SO ORDERED.

Dated: New York, NY
September 25, 2026

JED S. RAKOFF, U.S.D.J.

[1] The Court's decision to deny defendants' motion to dismiss Count III is without prejudice to defendants' renewing the motion based on any decision of the New York Court of Appeals on the question certified by the Second Circuit in Parker v. Alexander, 171 F.4th 146 (2d Cir. 2026) when that decision is rendered.