**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JULIA MOLCHONOVA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FIRSTBANK PUERTO RICO and FIRST BANCORP,<br><br>Defendants. | Case No.: 26-cv-5327-JSR |

**DEFENDANTS FIRSTBANK PUERTO RICO AND FIRST BANCORP'S ANSWER TO INDIVIDUAL AND CLASS ACTION COMPLAINT AND STATEMENT OF AFFIRMATIVE DEFENSES**

To the extent any heading in the Complaint requires a response, FirstBank Puerto Rico and First BanCorp ("FirstBank") deny the allegations contained therein.

First BanCorp is a publicly traded financial holding company of which FirstBank Puerto Rico is a wholly owned subsidiary. *See* Resps. to ¶¶ 21–22. Only FirstBank Puerto Rico maintains bank accounts and processes financial transactions on behalf of FirstBank customers. To the extent any response admits involvement in any customer banking operations, that response refers only to FirstBank Puerto Rico.

To the extent FirstBank admits the existence of any account or transaction, it denies any explicit or implied allegation that any account was opened or maintained, or that any transaction was processed, in order to support, facilitate, or participate in any unlawful activity, including participation in any crime of violence.

To the extent any allegation is not expressly addressed, FirstBank denies such allegation.

## PRELIMINARY STATEMENT

1. FirstBank admits that Jeffrey Epstein opened an account with Chase Manhattan Bank in the U.S. Virgin Islands in 1998 and FirstBank later acquired Chase's USVI operations in 2002. FirstBank otherwise denies these allegations.

2. These allegations purport to characterize the contents of news articles and public documents. FirstBank respectfully refers the Court to those articles and documents for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank denies the allegations.

3. FirstBank admits that Jeffrey Epstein opened an account with Chase Manhattan Bank in the U.S. Virgin Islands in 1998 and FirstBank later acquired Chase's USVI operations in 2002. FirstBank otherwise denies the allegations.

4. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank denies these allegations.

5. FirstBank lacks knowledge or information sufficient to form a belief as to whether, when, and why other financial institutions closed accounts associated with Jeffrey Epstein and on that basis denies those allegations. FirstBank otherwise denies these allegations.

6. FirstBank admits funds were transferred to accounts at FirstBank maintained for Epstein's estate and related accounts in the routine course of business as part of an arm's-length banking relationship after July 2019. FirstBank otherwise denies these allegations.

7. FirstBank admits that it processed customer-directed transactions in the routine course of business as part of arm's-length banking relationships. The remaining allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

8. FirstBank denies these allegations.

9. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank admits it received routine fees in the routine course of business as part of an arm's-length banking relationship with certain entities and individuals linked to Epstein and otherwise denies the allegations.

10. This paragraph contains no factual allegations requiring a response. To the extent a response is required, FirstBank denies the allegations.

**JURISDICTION, VENUE, AND TIMELINESS**

11. The allegations are conclusions of law and thus no response is required. To the extent a response is required, FirstBank admits that this Court has subject-matter jurisdiction over Plaintiff's surviving federal claim and otherwise denies the allegations.

12. The allegations are conclusions of law and thus no response is required. To the extent a response is required, FirstBank admits that this Court presently has subject-matter jurisdiction over Plaintiff's state law claim and otherwise denies the allegations.

13. The allegations in the first sentence contain conclusions of law to which no response is required. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence and on that basis denies them. FirstBank denies the remaining allegations.

14. FirstBank admits that it maintained correspondent and clearing relationships for certain international transactions with New York banks. FirstBank is not aware of any transaction at issue in this case that was routed through such accounts, and on that basis denies the allegation. FirstBank admits that it processed wire transfers and had limited communications with certain individuals in the routine course of business as part of an arm's-length banking relationship. FirstBank otherwise denies these allegations.

15. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

16. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

**PARTIES**

17. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

18. FirstBank admits that Plaintiff commenced this action under a pseudonym, but she is now proceeding under her true name. Thus, no further response is required.

19. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

20. FirstBank admits that Plaintiff commenced this action under a pseudonym, but she is now proceeding under her true name. Thus, no further response is required.

21. FirstBank admits these allegations.

22. FirstBank admits that FirstBank Puerto Rico is headquartered in San Juan, Puerto Rico, and is a wholly owned subsidiary of First BanCorp. FirstBank further admits that it used New York-based correspondent banks to process certain international wire transfers. FirstBank otherwise denies these allegations.

23. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

**BACKGROUND**

24. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or

information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

25. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

26. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence and on that basis denies them. FirstBank otherwise denies the allegations.

27. FirstBank lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence, and on that basis denies them. FirstBank otherwise denies the allegations.

28. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

**THE TRAFFICKING VICTIMS' PROTECTION ACT**

29. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

30. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

**FACTUAL ALLEGATIONS**

31. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

32. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

33. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

34. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

35. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

36. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

37. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

38. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

39. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

40. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

41. FirstBank admits that it maintained accounts as part of an arm's-length banking relationship. The remaining allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

42. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, including concerning

the information or assistance received by the U.S. Attorney's office in connection with its investigation, and on that basis denies them.

43. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

44. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

45. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

46. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

47. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

48. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

49. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

50. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. FirstBank admits that certain accounts related to Epstein or his associates remained open following his 2019 arrest consistent with certain criminal activity liens. FirstBank denies that it continued to provide Epstein with banking services.

51. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

52. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

53. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

54. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

55. The first and second sentences purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning

transactions involving Deutsche Bank and denies those allegations on that basis. FirstBank denies the remaining allegations.

56. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

57. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

58. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

59. FirstBank admits that Jeffrey Epstein owned and maintained a residence on Little Saint James and later owned Great Saint James. To the extent these allegations purport to characterize the contents of public documents and news articles, FirstBank respectfully refers the Court to those documents and articles for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

60. FirstBank admits that during the relevant period it maintained retail branches and commercial banking operations in the U.S. Virgin Islands. FirstBank denies that its

presence or personnel in the USVI gave it the knowledge alleged in the second sentence of Paragraph 60. The remaining allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

61. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. FirstBank otherwise denies these allegations.

62. FirstBank admits that it had arm's-length banking relationships with certain entities and individuals linked to Jeffrey Epstein. FirstBank otherwise denies these allegations.

63. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

64. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

65. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

66. These allegations contain conclusions of law to which no response is required. These allegations also purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank denies the allegations.

67. FirstBank admits that its compliance personnel are trained on KYC/AML processes. The remaining allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

68. FirstBank admits that its compliance personnel are trained on KYC/AML processes. The remaining allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

69. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

70. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

71. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

72. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

73. These allegations purport to characterize the contents of a news article. FirstBank respectfully refers the Court to the article for a complete and accurate recitation of its contents. FirstBank otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

74. These allegations purport to characterize the contents of a news article. FirstBank respectfully refers the Court to the article for a complete and accurate recitation of its contents. FirstBank otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

75. FirstBank admits that it maintained accounts in the routine course of business as part of arm's-length banking relationships with certain entities and individuals linked to Jeffrey Epstein. FirstBank otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences, and on that basis denies them. The remaining allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

76. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences. FirstBank denies the remaining allegations.

77. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence, and on that basis denies them. The second sentence contains conclusions of law to which no response is required. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them. FirstBank denies the remaining allegations.

78. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

79. These allegations purport to characterize the contents of public documents and news articles. FirstBank respectfully refers the Court to those documents and articles for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

80. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third, fourth, and fifth sentences, and on that basis denies them. The allegations in the sixth sentence contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

81. FirstBank denies these allegations.

82. FirstBank denies the allegation contained in the first and fifth sentences. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences, and on that basis denies them.

83. FirstBank denies these allegations.

84. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences, and on that basis denies them. FirstBank otherwise denies these allegations.

85. These allegations purport to characterize the contents of a news article. FirstBank respectfully refers the Court to the article for a complete and accurate recitation of its contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

86. These allegations purport to characterize the contents of a news article. FirstBank respectfully refers the Court to the article for a complete and accurate recitation of its contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

87. These allegations purport to characterize the contents of a news article. FirstBank respectfully refers the Court to the article for a complete and accurate recitation of its contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

88. These allegations purport to characterize the contents of a news article. FirstBank respectfully refers the Court to the article for a complete and accurate recitation of its contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

89. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate

recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

90. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

91. These allegations purport to characterize the contents of public documents and news articles. FirstBank respectfully refers the Court to those documents and articles for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

92. These allegations purport to characterize the contents of a news article. FirstBank respectfully refers the Court to the article for a complete and accurate recitation of its contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

93. These allegations purport to characterize the contents of a news article. FirstBank respectfully refers the Court to the article for a complete and accurate recitation of its contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

94. These allegations purport to characterize the contents of a news article. FirstBank respectfully refers the Court to the article for a complete and accurate recitation of its contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

95. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

96. These allegations purport to characterize the contents of public documents and news articles. FirstBank respectfully refers the Court to those documents and articles for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

97. These allegations purport to characterize the contents of a news article. FirstBank respectfully refers the Court to the article for a complete and accurate recitation of its contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

98. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

99. These allegations purport to characterize the contents of public documents and news articles. FirstBank respectfully refers the Court to those documents and articles for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

100. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or

information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

101. These allegations purport to characterize the contents of public documents and news articles. FirstBank respectfully refers the Court to those documents and articles for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

102. These allegations purport to characterize the contents of a news article. FirstBank respectfully refers the Court to the article for a complete and accurate recitation of its contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

103. These allegations purport to characterize the contents of a news article. FirstBank respectfully refers the Court to the article for a complete and accurate recitation of its contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

104. These allegations purport to characterize the contents of a news article. FirstBank respectfully refers the Court to the article for a complete and accurate recitation of its contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

105. These allegations purport to characterize the contents of a news article. FirstBank respectfully refers the Court to the article for a complete and accurate recitation of its contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

106. These allegations purport to characterize the contents of public documents and news articles. FirstBank respectfully refers the Court to those documents and articles for a

complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

107. These allegations purport to characterize the contents of public documents and news articles. FirstBank respectfully refers the Court to those documents and articles for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

108. These allegations purport to characterize the contents of public documents and news articles. FirstBank respectfully refers the Court to those documents and articles for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

109. These allegations purport to characterize the contents of public documents and news articles. FirstBank respectfully refers the Court to those documents and articles for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

110. These allegations purport to characterize the contents of a news article. FirstBank respectfully refers the Court to the article for a complete and accurate recitation of its contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

111. These allegations purport to characterize the contents of a news article. FirstBank respectfully refers the Court to the article for a complete and accurate recitation of

its contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

112. These allegations purport to characterize the contents of a news article. FirstBank respectfully refers the Court to the article for a complete and accurate recitation of its contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

113. These allegations purport to characterize the contents of a news article. FirstBank respectfully refers the Court to the article for a complete and accurate recitation of its contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

114. These allegations purport to characterize the contents of a news article. FirstBank respectfully refers the Court to the article for a complete and accurate recitation of its contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

115. These allegations purport to characterize the contents of a news article. FirstBank respectfully refers the Court to the article for a complete and accurate recitation of its contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

116. These allegations purport to characterize the contents of a news article. FirstBank respectfully refers the Court to the article for a complete and accurate recitation of its contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

117. These allegations purport to characterize the contents of a news article. FirstBank respectfully refers the Court to the article for a complete and accurate recitation of

its contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

118. These allegations purport to characterize the contents of a news article. FirstBank respectfully refers the Court to the article for a complete and accurate recitation of its contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

119. These allegations purport to characterize the contents of a news article. FirstBank respectfully refers the Court to the article for a complete and accurate recitation of its contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

120. These allegations purport to characterize the contents of a news article. FirstBank respectfully refers the Court to the article for a complete and accurate recitation of its contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

121. These allegations purport to characterize the contents of a news article. FirstBank respectfully refers the Court to the article for a complete and accurate recitation of its contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

122. These allegations purport to characterize the contents of public documents and news articles. FirstBank respectfully refers the Court to those documents and articles for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

123. These allegations purport to characterize the contents of a news article and book. FirstBank respectfully refers the Court to those materials for a complete and accurate recitation

of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

124. These allegations purport to characterize the contents of a news article and book. FirstBank respectfully refers the Court to the article and book for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

125. These allegations purport to characterize the contents of public documents and news articles. FirstBank respectfully refers the Court to those documents and articles for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

126. These allegations purport to characterize the contents of a news article. FirstBank respectfully refers the Court to the article for a complete and accurate recitation of its contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

127. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

128. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

129. FirstBank admits that it provided banking services in the routine course of business as part of arm's-length banking relationships with certain entities and individuals linked to Jeffrey Epstein. FirstBank otherwise denies these allegations.

130. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. FirstBank admits that certain employees exchanged communications with Ms. Kellerhals in the routine course of business as part of arm's-length banking relationships with certain entities and individuals linked to Jeffrey Epstein. FirstBank otherwise denies these allegations.

131. FirstBank admits that certain employees exchanged communications with certain of the identified individuals regarding accounts maintained at FirstBank in the routine course of business as part of arm's-length banking relationships. FirstBank otherwise denies these allegations.

132. FirstBank admits that Mr. Kahn and Mr. Indyke acted as authorized representatives in connection with certain accounts. FirstBank otherwise denies these allegations.

133. FirstBank admits that Mr. Kahn acted as an authorized representative in connection with certain accounts. FirstBank otherwise denies these allegations.

134. FirstBank admits that Mr. Indyke acted as an authorized representative in connection with certain accounts. FirstBank otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

135. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

136. These allegations purport to characterize the contents of a news article. FirstBank respectfully refers the Court to the article for a complete and accurate recitation of its contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

137. These allegations purport to characterize the contents of a news article. FirstBank respectfully refers the Court to the article for a complete and accurate recitation of its contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

138. FirstBank admits that it maintained accounts for the identified entities as part of arm's-length banking relationships with certain entities and individuals and that Mr. Indyke and Mr. Kahn were authorized signatories for certain related accounts. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

139. FirstBank admits that Mr. Indyke and Mr. Kahn were associated with Southern Trust Company, Inc. and were authorized signatories on certain FirstBank accounts. FirstBank otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

140. FirstBank admits that Financial Trust Company and Southern Trust Company were associated with Epstein. FirstBank otherwise denies these allegations.

141. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

142. These allegations purport to characterize the contents of a news article. FirstBank respectfully refers the Court to the article for a complete and accurate recitation of its contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

143. These allegations purport to characterize the contents of a news article. FirstBank respectfully refers the Court to the article for a complete and accurate recitation of its contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

144. FirstBank denies these allegations.

145. FirstBank admits that it maintained accounts for the identified entities as part of an arm's-length banking relationship and that Mr. Indyke and Mr. Kahn were authorized signatories for certain related accounts. FirstBank otherwise denies these allegations.

146. FirstBank denies these allegations.

147. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

148. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

149. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

150. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

151. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

152. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

153. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

154. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

155. This paragraph contains conclusions of law to which no response is required. FirstBank otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

156. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

157. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

158. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

159. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

160. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

161. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

162. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

163. FirstBank denies these allegations.

164. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

165. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

166. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

167. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent the allegations characterize FirstBank's legal and regulatory obligations, the allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

168. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

169. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

170. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

171. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

172. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

173. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

174. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

175. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

176. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

177. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

178. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

179. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

180. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. These allegations also contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

181. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

182. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank denies the allegation in the last sentence and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

183. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

184. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

185. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate

recitation of their contents. These allegations also contain conclusions of law to which no response is required. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

186. The first sentence of these allegations contains conclusions of law to which no response is required. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence, and on that basis denies them.

187. FirstBank denies these allegations.

188. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to all but the last sentence of this paragraph, and on that basis denies them. FirstBank denies the allegations contained in the last sentence of this paragraph.

189. FirstBank admits that it implements KYC and AML processes. FirstBank otherwise denies these allegations.

190. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank admits that it followed rules and regulations that govern the banking industry.

191. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

192. FirstBank denies these allegations.

193. FirstBank denies these allegations.

194. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

195. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

196. FirstBank admits that it maintained certain accounts as part of arm's-length banking relationships with certain entities and individuals linked to Jeffrey Epstein. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank denies the allegations.

197. FirstBank admits that it maintained accounts beyond the year 2018 as part of arm's-length banking relationships with certain entities and individuals linked to Jeffrey Epstein and consistent with certain criminal activity liens. FirstBank otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

198. FirstBank admits that Indyke and Kahn were associated with certain accounts maintained as part of arm's-length banking relationships. FirstBank otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

199. FirstBank denies these allegations.

200. FirstBank admits that it maintained an account in Jeffrey Epstein's name as part of an arm's-length banking relationship. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

201. FirstBank admits that it opened an account for the specified entity as part of an arm's-length banking relationship. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

202. FirstBank admits that an account was opened for the specified entity as part of an arm's-length banking relationship. FirstBank denies the characterization of the account opening contained in the second sentence. FirstBank otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

203. FirstBank admits that accounts were opened for the specified entities as part of arm's-length banking relationships. FirstBank otherwise denies these allegations.

204. FirstBank admits that accounts were opened for the specified entities as part of arm's-length banking relationships. FirstBank otherwise denies these allegations.

205. FirstBank admits that an account was opened for the specified entity as part of an arm's-length banking relationship. FirstBank otherwise denies these allegations.

206. FirstBank admits that an account for the Estate of Jeffrey E. Epstein was opened at FirstBank on September 26, 2019, and that Mr. Indyke and Mr. Kahn were authorized signatories on the account. FirstBank otherwise denies these allegations.

207. These allegations purport to characterize the contents of a news article. FirstBank respectfully refers the Court to the article for a complete and accurate recitation of its contents. To the extent a response is required, FirstBank denies the allegations.

208. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

209. FirstBank admits the existence of the specified account and the fact that it processed transactions through that account in the routine course of business as part of an arm's-length banking relationship. These allegations purport to characterize the contents of

public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. FirstBank otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

210. FirstBank admits the existence of the specified account and the fact that it processed transactions through that account in the routine course of business as part of an arm's-length banking relationship. Those allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. FirstBank otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

211. FirstBank admits the existence of the specified account and the fact that it processed transactions through that account in the routine course of business as part of an arm's-length banking relationship. These allegations purport to characterize the contents of public documents and news articles. FirstBank respectfully refers the Court to those documents and articles for a complete and accurate recitation of their contents. FirstBank otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

212. FirstBank admits the existence of the specified account and the fact that it processed transactions through that account in the routine course of business as part of an arm's-length banking relationship. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. FirstBank otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

213. FirstBank admits the existence of the specified account and the fact that it processed transactions through that account in the routine course of business as part of an arm's-length banking relationship. These allegations purport to characterize the contents of

public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. FirstBank otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

214. FirstBank admits the existence of the specified account and the fact that it processed transactions through that account in the routine course of business as part of an arm's-length banking relationship. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. FirstBank otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

215. FirstBank admits the existence of the specified account and the fact that it processed transactions through that account in the routine course of business as part of an arm's-length banking relationship. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. FirstBank otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

216. FirstBank admits the existence of the specified account and the fact that it processed transactions through that account in the routine course of business as part of an arm's-length banking relationship. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. FirstBank otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

217. FirstBank admits the existence of the specified accounts and the fact that it processed transactions through those accounts in the routine course of business as part of an arm's-length banking relationship. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete

and accurate recitation of their contents. FirstBank otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

218. FirstBank admits the existence of the specified accounts and the fact that it processed transactions through those accounts in the routine course of business as part of arm's-length banking relationships. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. FirstBank otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

219. FirstBank admits that it maintained the specified accounts and processed transactions through those accounts in the routine course of business as part of an arm's-length banking relationship. To the extent these allegations purport to characterize the contents of public documents, FirstBank respectfully refers the Court to those documents for a complete and accurate statement of their contents. FirstBank otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

220. FirstBank admits the existence of the specified account and the fact that it processed transactions through that account in the routine course of business as part of an arm's-length banking relationship. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. FirstBank otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

221. FirstBank denies these allegations.

222. [redacted] These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. FirstBank otherwise denies these allegations.

223. FirstBank admits that it maintained certain accounts and processed transactions through those accounts in the routine course of business as part of arm's-length banking relationships. These allegations otherwise purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

224. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

225. FirstBank admits that it maintained certain accounts for Epstein through 2019 as part of arm's-length banking relationships and maintained accounts for his estate thereafter. These allegations otherwise purport to characterize the contents of news articles. FirstBank respectfully refers the Court to those articles for a complete and accurate recitation of their contents. FirstBank otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

226. FirstBank denies these allegations.

227. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

228. FirstBank denies these allegations.

229. FirstBank denies these allegations.

230. FirstBank admits the existence of certain accounts and the fact that it processed transactions through those accounts in the routine course of business. FirstBank denies Plaintiff's characterization of the transactions. These allegations purport to characterize the contents of public documents and news articles. FirstBank respectfully refers the Court to those documents and articles for a complete and accurate recitation of their contents. To the

extent a response is required, FirstBank lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

231. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank denies the allegations.

232. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank denies the allegations.

233. FirstBank admits that Jeffrey Epstein opened an account with Chase Manhattan Bank in the U.S. Virgin Islands in 1998 and FirstBank later acquired Chase's USVI operations in 2002. FirstBank otherwise denies these allegations.

234. FirstBank denies this allegation.

235. FirstBank admits the existence of certain accounts and the fact that it processed transactions through those accounts in the routine course of business as part of an arm's-length banking relationship with certain entities and individuals linked to Jeffrey Epstein. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Epstein's banking relationship with JP Morgan, and on that basis denies them.

236. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank admits only that for certain periods during the time it maintained accounts, certain fees on Epstein accounts were waived as part of the bank's routine practice based on his account balances. FirstBank

otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

237. FirstBank admits that an account was opened in the name of an individual with links to Epstein in May 2018. FirstBank otherwise denies this allegation.

238. These allegations purport to characterize the contents of public documents. FirstBank respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, FirstBank denies these allegations.

239. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies these allegations.

240. FirstBank denies these allegations.

241. FirstBank denies these allegations.

242. FirstBank denies these allegations.

243. FirstBank denies these allegations.

244. These allegations contain conclusions of law and thus no response is required. To the extent a response is required, FirstBank denies the allegations.

245. FirstBank denies these allegations.

246. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

247. By order of September 25, 2026, the Court dismissed Count II (TVPA Obstruction) and thus no response is required. To the extent a response is required, FirstBank denies these allegations.

248. FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

249. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

250. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

251. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

252. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

253. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

**CLASS ACTION ALLEGATIONS**

254. FirstBank admits that Plaintiff purports to bring this action individually and on behalf of the putative class set forth in this paragraph. FirstBank denies that this class can or should be certified.

255. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations. FirstBank denies that a class can or should be certified.

256. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations. FirstBank denies that a class can or should be certified.

257. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations. FirstBank denies that a class can or should be certified.

258. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations. FirstBank denies that a class can or should be certified.

259. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations. FirstBank denies that a class can or should be certified.

260. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations. FirstBank denies that a class can or should be certified.

261. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations. FirstBank denies that a class can or should be certified.

262. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations. FirstBank denies that a class can or should be certified.

263. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations. FirstBank denies that a class can or should be certified.

## CAUSES OF ACTION

### COUNT I
### KNOWING BENEFICIARY IN A SEX-TRAFFICKING VENTURE IN VIOLATION OF THE TRAFFICKING VICTIMS PROTECTION ACT, 18 U.S.C. §§ 1591(a)(2), 1595

264. FirstBank repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth herein.

265. FirstBank admits that Plaintiff purports to bring this action individually and on behalf of a putative class. FirstBank denies that a class can or should be certified.

266. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

267. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

268. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

269. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

270. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

271. The allegations in the first sentence of this paragraph purport to characterize the content of other allegations in the Complaint and thus no response is required. To the extent a response is required, FirstBank respectfully refers the Court to its responses to the specific allegations. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

272. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

273. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

274. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

275. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

276. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

277. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

278. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

279. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

280. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

281. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations. FirstBank admits that Plaintiff purports to bring this action individually and on behalf of a putative class. FirstBank denies that a class can or should be certified.

282. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations. FirstBank admits that Plaintiff purports to bring this action individually and on behalf of a putative class. FirstBank denies that a class can or should be certified.

283. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

284. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

285. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

## COUNT II
## OBSTRUCTION OF THE ENFORCEMENT OF THE TRAFFICKING VICTIMS PROTECTION ACT, 18 U.S.C. § 1591(d)

286. By order of September 25, 2026, the Court dismissed this Count and thus no response is required.

287. By order of September 25, 2026, the Court dismissed this Count and thus no response is required.

288. By order of September 25, 2026, the Court dismissed this Count and thus no response is required.

289. By order of September 25, 2026, the Court dismissed this Count and thus no response is required.

290. By order of September 25, 2026, the Court dismissed this Count and thus no response is required.

291. By order of September 25, 2026, the Court dismissed this Count and thus no response is required.

292. By order of September 25, 2026, the Court dismissed this Count and thus no response is required.

293. By order of September 25, 2026, the Court dismissed this Count and thus no response is required.

294. By order of September 25, 2026, the Court dismissed this Count and thus no response is required.

295. By order of September 25, 2026, the Court dismissed this Count and thus no response is required.

296. By order of September 25, 2026, the Court dismissed this Count and thus no response is required.

297. By order of September 25, 2026, the Court dismissed this Count and thus no response is required.

298. By order of September 25, 2026, the Court dismissed this Count and thus no response is required.

299. By order of September 25, 2026, the Court dismissed this Count and thus no response is required.

300. By order of September 25, 2026, the Court dismissed this Count and thus no response is required.

301. By order of September 25, 2026, the Court dismissed this Count and thus no response is required.

302. By order of September 25, 2026, the Court dismissed this Count and thus no response is required.

303. By order of September 25, 2026, the Court dismissed this Count and thus no response is required.

304. By order of September 25, 2026, the Court dismissed this Count and thus no response is required.

305. By order of September 25, 2026, the Court dismissed this Count and thus no response is required.

**COUNT III**
**GENDER-MOTIVATED VIOLENCE PROTECTION ACT, ADMINISTRATIVE CODE OF CITY OF N.Y. §§ 10-1101 – 10-1107**

306. FirstBank repeats and reasserts each and every response to the allegations asserted in paragraphs 1 through 263 with the same force and effect as if fully set forth herein.

307. FirstBank admits that Plaintiff purports to bring this action individually and on behalf of a putative class. FirstBank denies that a class can or should be certified.

308. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

309. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank states that the language of the GMVPA speaks for itself.

310. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank states that the language of the GMVPA speaks for itself.

311. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank states that the language of the GMVPA and the cited decision speaks for itself.

312. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

313. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

314. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

315. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

316. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

317. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

318. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

319. These allegations contain conclusions of law to which no response is required. To the extent a response is required, FirstBank denies the allegations.

**REQUEST FOR RELIEF**

FirstBank denies that the requested relief is appropriate or warranted.

## DEFENDANTS' STATEMENT OF AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, FirstBank asserts the following defenses. FirstBank reserves the right to assert further defenses that may be identified in the course of further investigation, discovery, or litigation of this action, including, in the event any class is certified, the right to advance additional defenses pertinent to class members. Even if not applicable to Plaintiff, some or all of the defenses asserted below may be applicable to one or more of the putative class members whom Plaintiff may seek to represent.

### FIRST DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of in pari delicto.

### THIRD DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel to the extent her own prior actions or statements should bar her from making a claim.

### FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands to the extent she acted unethically or in bad faith regarding this matter.

### FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches to the extent her delay in bringing this lawsuit unfairly prejudiced FirstBank.

### SIXTH DEFENSE

Plaintiff cannot collect damages to the extent she failed to take reasonable steps to avoid or minimize her losses.

**SEVENTH DEFENSE**

FirstBank did not have knowledge of any venture engaged in conduct in violation of the TVPA.

**EIGHTH DEFENSE**

FirstBank is not liable to the extent that the alleged conduct involving Plaintiff or any putative class member did not involve a "commercial sex act" as defined by the TVPA.

**NINTH DEFENSE**

FirstBank did not have knowledge that means of force, threats of force, fraud, or coercion would be used to cause Plaintiff or any putative class member to engage in a commercial sex act.

**TENTH DEFENSE**

FirstBank is not liable to the extent that force, threats of force, fraud, or coercion were not used to cause Plaintiff or any putative class member to engage in a commercial sex act.

**ELEVENTH DEFENSE**

FirstBank did not have knowledge that Plaintiff or any putative class member had not attained the age of 18 years and would be caused to engage in a commercial sex act.

**TWELFTH DEFENSE**

FirstBank did not participate in any venture engaged in conduct in violation of the TVPA.

**THIRTEENTH DEFENSE**

FirstBank did not knowingly benefit from participation in any venture engaged in conduct in violation of the TVPA.

**FOURTEENTH DEFENSE**

Plaintiff's TVPA claim is barred to the extent it seeks to impose liability based on conduct occurring before the enactment or effective date of the statutory provisions allowing liability. Those provisions do not apply retroactively.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by any applicable release, settlement, accord and satisfaction, covenant not to sue, judgment, compensation award, or other resolution concerning the same alleged injuries. In all events, Plaintiff may not obtain a duplicative recovery for injuries for which she has already received compensation.

**SIXTEENTH DEFENSE**

Plaintiff's claims are not subject to equitable tolling, fraudulent-concealment tolling, or any other extension of the applicable limitations periods because, among other reasons, FirstBank did not conceal Plaintiff's claims, Plaintiff has not alleged or established reasonable diligence, and the facts underlying her alleged injuries were known or reasonably discoverable within the applicable limitations periods.

**SEVENTEENTH DEFENSE**

FirstBank's actions were not the proximate cause of any of Plaintiff's alleged incidents, injuries, or damages.

**EIGHTEENTH DEFENSE**

To the extent FirstBank is found liable, which it denies, its liability is limited to injuries, if any, proximately caused by its own conduct.

**NINETEENTH DEFENSE**

The incidents in question and all damages complained of and claimed by Plaintiff, if any, were the fault of one or more independent acts or omissions, destroying any causal

connection between any act or omission of FirstBank (which are denied) and the alleged injury to Plaintiff.

**TWENTIETH DEFENSE**

The incidents in question and all damages complained of and claimed by Plaintiff, if any, were caused by the superseding and intervening acts of parties over whom FirstBank had no right of control, and this conduct, either by omission or commission, interrupted the natural and proximate causal relationship, if any, between any act or omission of FirstBank (which are denied) and the injury to Plaintiff.

**TWENTY-FIRST DEFENSE**

Plaintiff's alleged injuries and damages, if any, were caused by the criminal acts and other conduct of third parties, including Jeffrey Epstein and his co-conspirators, for which FirstBank is not responsible.

**TWENTY-SECOND DEFENSE**

Plaintiff's claimed damages, if any, are speculative and are not attributable to any act or omission of FirstBank.

**TWENTY-THIRD DEFENSE**

Any liability for Plaintiff's alleged injuries must be apportioned among all persons and entities responsible for them, and FirstBank's share, if any, must be limited accordingly.

**TWENTY-FOURTH DEFENSE**

Plaintiff is not entitled to punitive damages, and any award of punitive damages would violate FirstBank's right to due process under the United States Constitution.

**TWENTY-FIFTH DEFENSE**

Plaintiff's claim under the GMVPA is barred because the GMVPA's revival provision is preempted by New York state law.

**TWENTY-SIXTH DEFENSE**

Plaintiff's claim under the GMVPA is untimely except to the extent validly revived.

**TWENTY-SEVENTH DEFENSE**

Applying the GMVPA revival amendments that create or expand enabler liability to conduct predating those amendments would be impermissibly retroactive and would violate FirstBank's right to due process.

**TWENTY-EIGHTH DEFENSE**

The GMVPA cannot be applied extraterritorially to FirstBank's alleged conduct outside New York City.

**TWENTY-NINTH DEFENSE**

The provision of routine, arm's-length banking services does not constitute a crime of violence or the commission, direction, enabling, participation in, or conspiracy in a crime of violence under the GMVPA.

**THIRTIETH DEFENSE**

To the extent the Court issues a dispositive ruling in favor of FirstBank resulting in dismissal of the claims over which the Court has original jurisdiction, the Court should decline to exercise supplemental subject-matter jurisdiction over Count III under 28 U.S.C. § 1367(c)(1) and (c)(3).

**THIRTY-FIRST DEFENSE**

Defendant First BanCorp is a holding company that did not maintain any account, process any transaction, or engage in any conduct alleged in the Complaint, and it is not liable for the alleged acts or omissions of its separately incorporated subsidiaries.

**THIRTY-SECOND DEFENSE**

To the extent any FirstBank officer, director, employee, or agent engaged in any wrongful conduct, which FirstBank denies, such conduct was outside the scope of employment,

was not authorized or ratified by FirstBank, and any knowledge of such person cannot be imputed to FirstBank.

**THIRTY-THIRD DEFENSE**

FirstBank preserves its objections to personal jurisdiction and venue.

**THIRTY-FOURTH DEFENSE**

Plaintiff and each putative class member must establish the existence of an actionable violation of the TVPA. FirstBank denies that Plaintiff can establish those prerequisites on a class-wide basis or as to any alleged injury attributable to FirstBank.

**THIRTY-FIFTH DEFENSE**

Plaintiff may not impose liability or recover damages based solely on an alleged violation of the Bank Secrecy Act, anti-money-laundering regulations, suspicious-activity-reporting requirements, or other banking regulations that do not create a private right of action.

Dated: October 9, 2026

Respectfully submitted,
*/s/ Felicia H. Ellsworth*

Felicia H. Ellsworth (*pro hac vice*)
Andy O'Laughlin (*pro hac vice*)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
(t) (617) 526-6000
(f) (617) 526-5000
felicia.ellsworth@wilmerhale.com
andy.olaughlin@wilmerhale.com

Boyd M. Johnson III
Christopher Bouchoux
**WILMER CUTLER PICKERING HALE AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(t) (212) 230-8800
(f) (212) 230-8888
boyd.johnson@wilmerhale.com
christopher.bouchoux@wilmerhale.com

Robert J. Burns
Stosh M. Silivos
Isabel D. Knott
**HOLLAND & KNIGHT LLP**
787 Seventh Avenue, 31st Floor
New York, NY 10019
(t) 212-513-3200
(f) 212-385-9010
robert.burns@hklaw.com
stosh.silivos@hklaw.com
isabel.knott@hklaw.com

Alex M. Gonzalez (*pro hac vice*)
Israel J. Encinosa (*pro hac vice*)
Barbara A. Martinez (*pro hac vice*)
**HOLLAND & KNIGHT LLP**
701 Brickell Avenue
Suite 3300
Miami, FL 33131
(t) 305-374-8500
(f) 305-789-7598
alex.gonzalez@hklaw.com
israel.encinosa@hklaw.com
barbara.martinez@hklaw.com

*Counsel for Defendants FirstBank Puerto Rico and First BanCorp*